GARRETT *v.* BANK OF SLEDGE.*

[106 So. 629.   No. 25351.]

(Division B.   Jan. 11, 1926.)

BANKS AND BANKING.  *Person suing bank for paying cashier's check, indorsed with name of payee, held to have burden to show that indorsement was not genuine; evidence held insufficient to show that name of payee indorsed on cashier's check was not genuine.*

Where a person procures a cashier's check from a bank, payable to a named person, and such check is returned to the bank with the name of such person indorsed thereon, and the bank pays such check in due course, the burden is upon the plaintiff suing the bank for the recovery of the money paid out on such check to establish the fact that the indorsement is not genuine or that such indorsement is a forgery.  The evidence in this case examined, and *held* insufficient to show such fact.

*Corpus Juris-Cyc. References; Banks and Banking, 7 C. J., pp. 756, n. 44, New; 757, n. 53.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, Judge.

Action by T. M. Garrett against the Bank of Sledge. Judgment for defendant, and plaintiff appeals. Affirmed.

*Lowrey & Lamb,* for appellants.

We plant our claim for a reversal upon the erroneous instruction given for the defendant as to the burden of proof. The jury was told that if they believed the check was obtained in fraud, then they must find for the plain-

tiff, unless they believed that the check was endorsed by Mrs. Ida Crenshaw, the identical party to whom it was made payable. But under the statute, the decisions and text-book authority, the burden was on the defendant to show that this endorsement was the genuine endorsement of Ida Crenshaw, and was not upon the plaintiff to show that it was her endorsement. If the burden was on the plaintiff to show this fact, then the jury may have been warranted in finding for the defendant; but if the burden was on the defendant, then clearly the plaintiff was entitled to a verdict. This instruction, if erroneous, is vital and is not cured by the plaintiff's instruction. See section 55, Uniform Negotiable Instrument Law (sec. 2633, Hemingway's Code) and also section 59 (section 2637, Hemingway's Code.)

This check was first taken by 638 Fire Vulcanizing Company and endorsed for deposit with the Union & Planters Bank, who in turn guaranteed all previous endorsements and received the money from the defendant. The question, then, is: Was the 638 Fire Vulcanizing Company a holder in due course? In order to have been so, this check must have been endorsed by the payee, and the check having been fraudulently obtained, under these sections of the statute the burden is upon the defendant to show this fact. 3 R. C. L., page 1033; *Glendo State Bank* v. *Abbott* (Wyo.), 34 A. L. R. 294; *Lambert* v. *Smith* (Okla.), 18 A. L. R. 1. To the same effect are: *Stevens* v. *Pierce,* 18 A. L. R. 7, and *Stevens* v. *Barnes,* 18 A. L. R. 10 and note; *Feder* v. *Elliott* (Iowa), 36 A. L. R. 1353 and note; *Merchants Bank* v. *Bank of Winona,* 64 So. 210.

The rule that a check made payable to a fictitious person is payable to bearer and needs no endorsement does not obtain where the maker does not know that the payee is fictitious. 3 R. C. L., page 881; *Armstrong* v. *Nat'l Bank* (Ohio), 15 Am. Rep. 655; *Shipman* v. *Bank of State of New York* (N. Y.), 22 Am. Rep. 821.

In the case at bar where the evidence is necessarily circumstantial, the burden of proof becomes most mate-

rial. In fact, the result of the trial hinges almost certainly upon this question. Since the court below placed the burden wrongfully upon the plaintiff (appellant), we insist that the judgment should be reversed and the plaintiff granted a new trial where he can obtain a hearing, before the jury on proper instruction or a peremptory instruction as the evidence may warrant.

*Herbert Holmes,* for appellee.

Opposing counsel correctly states the rule with reference to placing the burden of proof upon the holder where there is fraud in the inception of the note, but it is not even alleged here and no attempt made to prove that there was any fraud in the drawing of this cashier's check. Mr. Garrett's own testimony puts him out of court on that proposition. In fact, there is nothing to argue to this court, for the trial court gave him everything he asked for, permitted him to submit all issues to the jury and gave him instructions which went beyond even the authority cited by counsel. To show the inconsistency of his argument, it is well settled that a check made to a fictitious person is payable to bearer. And in order to avoid this he does not say that there is no such person as Mrs. Ida Crenshaw, but denies that it is Mrs. Ida Crenshaw's endorsement. He attempts to prove by Mr. Lee that there is no such person as Mrs. Ida Crenshaw and he fails in this, for Mr. Lee admits that there are a number of Crenshaws in the very vicinity where this negro said Mrs. Ida Crenshaw lived. It is true the bank did not know Mrs. Ida Crenshaw and it is true the bank did not have knowledge that there was such a person, but the party who purchased the check, if he did not know, should have known because he says that he wanted it to go direct to Mrs. Ida Crenshaw and he didn't feel that anybody else could collect it if it were paid direct to her.

The judgment of the magistrate's court and the finding of the jury in the circuit court were fully supported

by the law and the facts and there is absolutely nothing in this record to warrant the disturbing of the verdict of the jury. As the facts in this case do not warrant the conclusions of law drawn by appellant's counsel, and as there are no facts to sustain his law, we do not deem it necessary to go further into this matter and burden this court with numerous authorities on well settled principles of law.

*Lowrey & Lamb, in reply,* for appellant.

If we understand the brief of the appellee's attorney, his view is that we must show fraud on the part of the appellee in the negotiation or payment of the check in controversy in order to recover. This is not our view and we do not claim any fraud on the part of the appellee.

The appellant's contention is that the appellee did not pay this sum either to Mrs. Ida Crenshaw or her order, but paid the sum to the 638 Fire Vulcanizing Company upon a fictitious and forged endorsement. As we see it, the only questions are: Was the 638 Fire Vulcanizing Company a holder in due course without notice and upon whom is the burden of proof to establish this fact?

We recognize that the burden is on the appellant to show fraud prior to the acquisition of the check by the Fire Vulcanizing Company, but while the evidence is circumstantial, it seems to us not only to be beyond a reasonable doubt, but conclusively to be shown that the negro George Walls (alleged) fraudulently acquired this check from Mr Garrett, the appellant. This being true, the burden is on those dealing with it afterward without notice or validity of the endorsement.

ETHRIDGE, J., delivered the opinion of the court.

The appellant sued the appellee for one hundred sixteen dollars and sixty-four cents, the amount of a cashier's check, issued by the bank at the request of the plaintiff for said amount, payable to Mrs. Ida Crenshaw. The

facts with reference to the transaction were substantially as follows: In the early part of 1924 the plaintiff was approached by a negro who gave his name as George Walls, with a note of recommendation signed by Mrs. Ida Crenshaw, telling the plaintiff that Mrs. Crenshaw owned a place near Miller, De Soto county, Miss., and that George Walls had been living with her for eleven years as a tenant on her place, had made a splendid tenant, and that said negro owned a number of mules and horses, cows, wagons, buggies, etc., and that said negro owed her one hundred sixteen dollars, which if paid, she would release him; whereupon the plaintiff made a trade with the negro and went to the bank to purchase a cashier's check, giving therefor his personal check, which was marked "Paid," whereupon the cashier issued a check payable to Mrs. Ida Crenshaw for said amount, turning it over to the plaintiff, who turned it over to the negro to deliver to Mrs. Crenshaw. In the course of business, the cashier's check was returned with an indorsement by Mrs. Ida Crenshaw, or the name of Mrs. Ida Crenshaw was indorsed thereon and that of another person, and then indorsed by a bank in Memphis, Tenn., which bank guaranteed all prior indorsements. This check was paid by the bank, but the bank was not acquainted with the signature of Mrs. Ida Crenshaw. The trade made between the negro and the plaintiff was that the negro was to move on plaintiff's place the following Wednesday after the trade was made, but the negro failed to show up, and inquiry failed to find either him or Mrs. Crenshaw at or near Miller, Miss.

The check was deposited in the Memphis bank by the 638 Fire Vulcanizing Company. The deposition of the manager of this company was taken, but he seemed to have no clear or definite recollection as to who delivered the check to him. He testified that the check was taken in the course of business and for value. There was no testimony that the signature indorsed on the check was not the actual signature of Mrs. Ida Crenshaw, nor was it shown that no such person was in existence.

The cashier of the Bank of Sledge testified that, when the plaintiff came to get the cashier's check, the cashier asked him why he did not give his own check; that, if he gave a cashier's check it could not be held back or countermanded, but, if he gave his own personal check, it could be held up or countermanded. The cashier testified that the plaintiff said he was not uneasy or that he would risk it. The Memphis bank offered to refund the amount of the check if the plaintiff would make affidavit that the indorsement of Mrs. Ida Crenshaw was a forgery, but the plaintiff declined to make such affidavit.

It is the contention of the appellant that the burden was upon the bank to show that the indorsement was genuine, and that it appeared that the fraud practiced upon the plaintiff by the negro in obtaining the check was sufficient to show that the check was fraudulently obtained, and that the bank should know the signature to be genuine.

We are of the opinion that the burden was upon the plaintiff to prove that the signature of the name of Mrs. Ida Crenshaw was a, forgery, and that the burden was not met, and therefore the judgment must be affirmed.

*Affirmed.*